**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN DOE,**

        **Plaintiff,**

-vs-                                                  **Case No. 6:12-cv-1171-Orl-31GJK**

**PENTAX OF AMERICA, INC., PENTAX**
**MEDICAL COMPANY, BRIAN**
**COCHRAN,**

        **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Proceed Anonymously (Doc. 2) filed by Plaintiff John Doe; Defendants have not responded.

The Federal Rules of Civil Procedure make no provision for anonymous Plaintiffs. Rule 10 requires that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10. This creates "a strong presumption in favor of parties' proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Courts nevertheless allow a Plaintiff to proceed anonymously only upon showing a "substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315-16 (quoting *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992)). To determine whether a party has shown that he has such a right, courts must "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. At this stage there are three factors relevant to consider, only

one of which applies here: will Plaintiff be required to "disclose information of the utmost intimacy?" *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir.1979) (hereinafter, *SMU*)). As the court in *SMU* noted, plaintiffs that are permitted to proceed anonymously not only would be required to divulge information of "utmost intimacy," "many also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct." *SMU,* at 713 (surveying cases addressing the issue).

Plaintiff in this case claims that he was improperly fired by the Defendants because he is HIV positive. In support of his motion to proceed anonymously, Plaintiff cites several cases where HIV positive plaintiffs were allowed to proceed anonymously because of the stigma attached to the disease. The most recent of these, however, is a case out of the Southern District of New York in 2001.[1] He cites to one Eleventh Circuit case that allowed an HIV positive plaintiff to proceed anonymously, but the court did not otherwise address the issue. *Doe v. DeKald County School District*, 145 F.3d 1441 (11th Cir. 1998).

Even assuming that Plaintiff's status as HIV positive is of the "utmost intimacy," a court must analyze all the circumstances of a given case. *Francis*, 631 F.3d at 1316. Here, Plaintiff has shown only that, a decade ago, many courts agreed that HIV was sufficiently stigmatizing to justify anonymity. Plaintiff has not shown that such a stigma still exists or that he is likely to face any harm as a result of being named in this suit. It is not enough to merely suggest that a party may "suffer some personal embarrassment." *Frank*, 951 F.2d at 324. Plaintiff in this case has done

---

[1] Plaintiff does cite an "Order on Motion for Protective Order" issued by the Northern District of Oklahoma on June 15, 2011, but it is of little persuasive value.

nothing but vaguely suggest that HIV is stigmatizing and that he may suffer some personal embarrassment. That is not enough to overcome the "strong presumption" against anonymity. *Francis*, 631 F.3d at 1315.

It is therefore,

**ORDERED** that Plaintiff's Motion to Proceed Anonymously (Doc. 2) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 1, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                        GREGORY A. PRESNELL
                                        **UNITED STATES DISTRICT JUDGE**